En el Tribunal Supremo de Puerto Rico

| JUAN L. MARTINEZ MARTINEZ<br>        Recurrente<br><br>        .V<br><br>DEPARTAMENTE DEL TRABAJO Y RECURSOS HUMANOS<br><br>        Recurrido | Certiorari<br><br>TSPR98-61 |

Número del Caso: CC-97-0723

Abogados Parte Recurrente: LCDA. MIGDALIA LOPEZ GOMEZ

Abogados Parte Recurrida: LCDO. FRANCISCO SAN MIGUEL

Tribunal de Instancia: JUNTA DE APELACIONES DEL SISTEMA DE ADMINISTRACION DE PERSONAL

Tribunal de circuito de Apelaciones: CIRCUITO REGIONAL I

Juez Ponente: Hon. LOPEZ VILANOVA, CORDERO Y FELICIANO DE BONILLA

Fecha: 6/28/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Juan L. Martínez Martínez

    Recurrente

       vs.                       CC-97-723     Certiorari

Departamento del Trabajo y
Recursos Humanos

    Recurrido

PER CURIAM

San Juan, Puerto Rico, a 28 de mayo de 1998.

El recurrente, señor Juan L. Martínez Martínez (en adelante señor Martínez) nos solicita la revisión de la Resolución del Tribunal de Circuito de Apelaciones emitida el 22 de septiembre de 1997 y notificada el 29 de septiembre de 1997, mediante la cual se desestimó por falta de jurisdicción la solicitud de revisión presentada el 31 de marzo de 1997 ante dicho foro. El Tribunal de Circuito de Apelaciones entendió que la solicitud de revisión no fue notificada a las partes dentro del término jurisdiccional de treinta (30) días. Oportunamente, el recurrente señor Martínez solicitó la reconsideración de dicha decisión, la cual fue declarada no ha lugar mediante Resolución emitida el 28 de octubre de 1997 y notificada el 5 de noviembre de 1997. De esa determinación el señor Martínez recurre ante nos. El 27 de febrero de 1998 emitimos una Resolución donde le concedimos al Departamento del Trabajo y Recursos Humanos el término de quince (15) días para que compareciera y mostrara causa por la cual no debíamos revocar la

Resolución recurrida. Tal cual requerido, el 5 de marzo de 1998 compareció dicha parte mediante "Escrito Mostrando Causa". Resolvemos, según lo intimado, que la resolución recurrida es incorrecta por lo que mediante el mecanismo provisto en la Regla 50 de nuestro reglamento, revocamos.

II

El señor Martínez es empleado regular del Departamento del Trabajo y Recursos Humanos. Dicha agencia implantó -efectivo el 1ro de julio de 1994- un Plan de Clasificación y Retribución. En consecuencia el puesto del recurrente cambió de la clase Funcionario Ejecutivo IV a Funcionario Ejecutivo V. Asimismo, hubo ajustes en su salario el cual cambió de $961.00 más un diferencial de $312.00 a $1,478.00.

La parte recurrente solicitó la revisión de su caso por estar en desacuerdo con su nueva clasificación y con la eliminación del diferencial que hasta entonces disfrutó por dificultad en reclutamiento y retención.[1]

La autoridad nominadora, -mediante comunicación a esos efectos- le notificó la determinación final tomada en su caso y le advirtió de su derecho a presentar un escrito de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal (en adelante J.A.S.A.P.), en caso de estar inconforme con la determinación final.

Así las cosas, el 6 de marzo de 1996 el señor Martínez presentó un escrito de apelación ante J.A.S.A.P. impugnando la eliminación del diferencial que se le concedió antes de implementar el nuevo plan de Clasificación y Retribución. Luego de varios trámites procesales, incluyendo la presentación de la "Contestación a la Apelación" por la parte apelada, J.A.S.A.P. emitió una Resolución archivando la apelación radicada por alegado abandono y falta de interés del apelante en los

---

[1]Al recurrente le aprobaron un diferencial en sueldo por dificultad en reclutamiento ya que el sueldo que recibía no se ajustaba a las tareas y responsabilidades del puesto. Este se aprobó

continúa...

1...continuación

efectivo al 15 de noviembre de 1990. Posteriormente, por haber recibido el recurrente una oferta de empleo de otra agencia del gobierno, el Departamento del Trabajo logró

procedimientos ante aquél foro. Por no estar de acuerdo con la determinación de J.A.S.A.P., la parte apelante presentó escrito titulado "Moción Solicitando Reconsideración y en Cumplimiento de Orden". Mediante Resolución notificada el 24 de febrero de 1997 y archivada en autos el 27 de febrero de 1997, la J.A.S.A.P. declaró sin lugar la moción.

El 31 de marzo de 1997[2], día en que vencía el término jurisdiccional para recurrir ante el Tribunal de Circuito de Apelaciones y notificar a las partes, el señor Martínez presentó Solicitud de Revisión ante dicho foro. Posteriormente, tanto J.A.S.A.P. como el Departamento del Trabajo y Recursos Humanos solicitaron la desestimación del recurso, alegando que no fueron notificados dentro del término jurisdiccional requerido. J.A.S.A.P. acredita que fue notificada el día 2 de abril de 1997 y el Departamento del Trabajo el 1ro de abril de 1997. En vista de la solicitud presentada, el Tribunal de Circuito de Apelaciones le concedió al señor Martínez el término de diez (10) días para comparecer y mostrar causa por la cual no debería desestimar cónsono con las razones aducidas por J.A.S.A.P. y el Departamento del Trabajo.[3] Luego de vencido el referido término el Tribunal de Circuito de Apelaciones decretó la desestimación del recurso por falta de jurisdicción al entender que las partes no fueron notificadas de dicho recurso oportunamente. El señor Martínez presentó una Moción de Reconsideración ante el Tribunal de Circuito de

---

la aprobación por parte de la O.C.A.P. de un diferencial por retención. Ambos diferenciales sumaban la cantidad total de $312.00.

[2]Dado que la Resolución declarando sin lugar la moción de reconsideración presentada por la parte apelante-recurrente fue notificada los días 24 y 27 de febrero de 1997, respectivamente, el término jurisdiccional de treinta (30) días para recurrir ante el Tribunal de Circuito de Apelaciones vencía el día 31 de marzo de 1997, toda vez que los días 29 y 30 del mismo mes no eran días laborables.

[3]De la resolución del Tribunal de Circuito de Apelaciones de 22 de septiembre de 1997 surge que el término concedido a la parte recurrente para mostrar causa transcurrió en exceso sin que éste hubiera comparecido ni excusado su incumplimiento.

Apelaciones en cuanto a su determinación de desestimar. Luego de la presentación de diversos escritos, el Tribunal de Circuito de Apelaciones reiteró su decisión de desestimar la acción por falta de jurisdicción.

Por estar inconforme el señor Martínez acude ante nos y señala la comisión del siguiente error:

> "Cometió error el Tribunal de Circuito de Apelaciones al entender que no tenía jurisdicción para considerar en la solicitud de revisión por entender que no se había notificado tanto a la parte como a la agencia recurrida dentro del término jurisdiccional de treinta (30) días."

### III

La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. 2172, dispone en lo pertinente que:

> "[U]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final [...] La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo [...]". (Enfasis nuestro)

De conformidad con la antes transcrita disposición de ley surge el propósito de establecer un procedimiento uniforme de revisión de las órdenes o determinaciones finales de las agencias administrativas. Hemos opinado que de un análisis de sus términos, los mismos denotan la intención legislativa de plasmar indubitadamente el requisito de que los recursos de revisión se perfeccionen y notifiquen dentro del término de treinta (30) días, siendo éste un requisito de carácter jurisdiccional. En consecuencia, la falta de notificación dentro del término prescrito por ley tiene el efecto de privar de jurisdicción a

los tribunales. *Méndez v. Corp. Quintas San Luis,* 127 D.P.R. 635, 638 (1991).[4]

Asimismo, la Regla 58 (B) del Reglamento del Tribunal de Circuito de Apelaciones, en cuanto a la presentación y notificación de los recursos de revisión, dispone lo siguiente:

> "(A) [...]
>
> (B) La parte recurrente notificará el escrito inicial de revisión a los (las) abogados (as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al (a la) funcionario (a) administrativo (a) de cuyo dictamen se recurre, dentro del término para presentar el recurso.
>
> Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por empresa privada con acuse de recibo... <u>La notificación por correo o mediante un servicio similar de entrega personal con acuse de recibo se considerará efectuada con la entrega al correo o a la empresa equivalente.</u>[...] <u>La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.</u>" (Énfasis nuestro)

---

[4]Reconocemos que es política del Estado que las controversias administrativas sean resueltas informalmente ya que ello propende a que se haga de una forma rápida, justa y económica. 3 L.P.R.A. Sec. 2101. De ordinario, pues, los mecanismos procesales –tales como las Reglas de Evidencia y de Procedimiento Civil– no deben utilizarse en este tipo de procedimientos para evitar "las trabas procesales de los tribunales de justicia." Véase *López Vives v. Policía de Puerto Rico*, 118 D.P.R. 219, 231 (1987); *J.R.T. v. Missy Mfg. Corp.,* 99 D.P.R. 805 (1971); *Martínez v. Tribunal Superior*, 83 D.P.R. 717, 720 (1961). Sin embargo, a modo de analogía, es pertinente mencionar brevemente lo que hemos opinado en cuanto al requisito de notificación a las partes, en lo que se refiere tanto a los escritos de apelación como de certiorari, según dispuesto en las Reglas de Procedimiento Civil.

En *Campos Del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337, 347 (1982) declaramos que:

> "...el requisito de notificación mediante correo certificado a que se refiere la Regla 53.3 de Procedimiento Civil no es lo determinante de nuestra jurisdicción. Lo determinante es que la notificación se haga `dentro del término' para solicitar la revisión. Dicha notificación se perfecciona si se hace por correo `al ser depositada en el correo'." (Citas omitidas).

Aunque los artículos 20 y 21 de la Ley Núm. 249 de 25 de diciembre de 1995 enmendaron las Reglas 53.2 y 53.3 de Procedimiento Civil, en cuanto a los escritos de apelación y certiorari se ordena que en todo caso la notificación y presentación de escritos se haga

continúa...

4...continuación

conforme a la Regla 67 del mismo cuerpo legal. Esta última contempla –específicamente la Regla 67.2– que "la notificación por correo quedará perfeccionada al ser depositada en el correo."

Al analizar ambas disposiciones notamos que éstas son diáfanas a los efectos de permitir la notificación tanto a la parte como a la agencia mediante la vía del correo. De hecho, el Reglamento del Tribunal de Circuito de Apelaciones es mucho más detallado al disponer que la fecha del depósito en el correo será considerada como la fecha de la notificación a las partes.[5]

En el caso de autos, J.A.S.A.P. dictó la Resolución recurrida el 24 de febrero de 1997 y ésta fue archivada en autos el día 27 de febrero de 1997. Si tomamos en consideración que el término para solicitar revisión ante el Tribunal de Circuito de Apelaciones de una determinación de una agencia administrativa es de treinta (30) días, tenemos que concluir que en el caso de autos éste término venció el día 31 de marzo de 1997.[6]

Así, pues, de un análisis ponderado de los autos y documentos anejos a la petición de *certiorari* se desprende que el señor Martínez efectivamente presentó su escrito de revisión el 31 de marzo de 1997. Encontramos, además, que éste notificó al Departamento del Trabajo y Recursos Humanos y a J.A.S.A.P. mediante correo certificado con acuse de recibo fechado el día 31 de marzo de 1997, último día hábil en que vencía el término jurisdiccional de treinta días para notificarlas. La notificación por correo se considera efectuada con el acto de depositarla en el correo y habiendo sido ésta hecha dentro del término jurisdiccional de treinta (30) días, forzoso es concluir que la notificación fue oportuna. En *Campos del Toro v. Ame. Transit Corp.*,

---

[5]El caso de *Dick Carrero Gueits v. Departamento de Educación*, 141 D.P.R..____ (1996), Op. de 30 de octubre de 1996, 96 J.T.S. 141, plantea como una de sus controversias cuál es el momento en que se perfecciona el envío por correo de un escrito de apelación a J.A.S.A.P., si cuando se deposita en el correo o cuando se recibe por la agencia. En las circunstancias particulares de ese caso resolvimos de conformidad con lo dispuesto en el inciso 2.2 del Artículo 2 del Reglamento Núm. 3965 conocido como "Reglamento Procesal de la Junta de Apelaciones del Sistema de Administración de Personal", el cual instrumenta la Sección 7.15 de la Ley de personal del Servicio Público. Este en lo pertinente requiere que para determinar la fecha de radicación se atienda única y exclusivamente la fecha en que el escrito de apelación es presentado y sellado en la Secretaría de la Junta. El caso de *Dick Carrero Gueits v. Departamento de Educación*, supra, es completamente distinguible del de autos. En el presente caso nos solicitan que determinemos cuándo se perfecciona la notificación de un recurso de revisión ante el Tribunal de Circuito de Apelaciones de una determinación de una agencia administrativa cuando la misma es enviada por correo certificado con acuse de recibo. No es lo mismo presentar un escrito de apelación ante J.A.S.A.P., lo cual está expresamente regulado en su Reglamento y ha sido interpretado por este Tribunal que recurrir al Tribunal de Circuito de Apelaciones de una determinación de J.A.S.A.P. con el correspondiente deber de notificarla.

[6]Véase nota 2, ante.

supra, pág. 348, tomamos conocimiento judicial de que una vez hecho el depósito de alguna comunicación escrita en una oficina postal, puede transcurrir un lapso de tiempo de entre dos (2) a tres (3) días antes de que su destinatario la reciba. Es lógico entonces que tanto el Departamento de Recursos Naturales como J.A.S.A.P. recibieran la notificación con posterioridad a la fecha del depósito en la oficina de correos; aquél el 1ro de abril de 1997 y ésta el 2 de abril de 1997. Esta situación en nada afectó el cumplimiento del requisito jurisdiccional de la notificación.

Procede expedir el auto de certiorari, revocar la Resolución emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional I, San Juan, el 22 de septiembre de 1997, mediante la cual se desestimó por falta de jurisdicción la solicitud de revisión presentada y devolver el caso a dicho foro para que continúen los procedimientos apelativos.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan L. Martínez Martínez

    Recurrente

      vs.                      CC-97-723     Certiorari

Departamento del Trabajo y
Recursos Humanos

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 28 de mayo de 1998.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se incorpora y hace formar parte de esta Sentencia, se expide el auto de certiorari solicitado, se revoca la Resolución emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional I, San Juan, el 22 de septiembre de 1997 mediante la cual desestimó por falta de jurisdicción la solicitud de revisión presentada ante dicho foro y se devuelve el caso

para que dicho foro continúe con los procedimientos apelativos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo