EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Wurster Enterprises, Inc.; Ramón Orta Berríos y otros <br> Apelantes <br><br> v. <br><br> Administración de Reglamentos y Permisos – Oficina Regional de Guayama <br> Apelada–Recurrida <br><br> Santos Rodríguez <br> Concesionario del Permiso <br><br> Ramón Orta Berríos; Elba I. Rodríguez Santiago, et al. <br> Peticionarios | Certiorari <br><br> 2001 TSPR 96 <br><br> 154 DPR ____ |

Número del Caso: CC–2000–353

Fecha: 29/junio/2001

Tribunal de Circuito de Apelaciones:
  Circuito Regional VI

Juez Ponente:
  Hon. Ygrí Rivera de Martínez


Abogados de la Parte Peticionaria:
  Lcdo. Ramiro Rodríguez Ramos
  Lcdo. Vicente Díaz Díaz

Abogado de la Parte Apelante:
  Lcdo. Raúl A. Rovira Burset

Abogado de la Parte Recurrida:
  Lcdo. Héctor Febo Serrano

Abogado de Santos Rodríguez:
  Lcdo. Héctor Crespo Millán


Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Wurster Enterprises, Inc.;
Ramón Orta Berríos; Elba I.
Rodríguez Santiago; Fred Bishops
Johnson; Juan Lebrón Sánchez;
Trinidad de Jesús Morales y
Nereida Chico Reyes

     Apelantes

        vs.                     CC–2000–353   CERTIORARI

Administración de Reglamentos y
Permisos – Oficina Regional de
Guayama

     Apelada–Recurrida

Santos Rodríguez

     Concesionario del Permiso

Ramón Orta Berríos; Elba I.
Rodríguez Santiago, et al

     Peticionarios


**SENTENCIA**


San Juan, Puerto Rico, a 29 de junio de 2001

     Santos Rodríguez presentó ante la Administración de Reglamentos y Permisos, Oficina Sub-Regional de Guayama  --en adelante ARPE-- una solicitud de anteproyecto para remodelar una estructura residencial con el fin de habilitarla para operar una cafetería donde vendería, entre otras cosas, bebidas alcohólicas. En diciembre de 1994, ARPE aprobó el referido anteproyecto y autorizó, vía excepción, el permiso de uso. Un grupo de

"vecinos" del área solicitó reconsideración, la cual, luego de celebrada una vista administrativa, fue declarada no ha lugar. No obstante, como resultado del proceso de reconsideración, ARPE enmendó la resolución a los efectos de imponer ciertas condiciones al permiso concedido.

El 11 de enero de 1996, uno de dichos "vecinos", Wurster Enterprises, Inc., apeló ante la Junta de Apelaciones sobre Construcción y Lotificaciones --en adelante JACL--. De igual forma, el 26 de enero de ese mismo año, los señores Ramón Orta Berríos, Elba I. Rodríguez Santiago y Fred Bishops Johnson acudieron ante dicho foro apelativo. En esa misma fecha, Juan B. Lebrón Sánchez, Trinidad de Jesús Morales y Nereida Chico Reyes también apelaron; en adelante nos referiremos a todos ellos como los apelantes. Los tres recursos fueron consolidados por la JACL mediante orden emitida el 19 de agosto de 1996. Posteriormente, el señor Santos Rodríguez presentó un escrito oponiéndose a los señalamientos planteados por los apelantes.

Luego de varios trámites administrativos, la JACL emitió una resolución confirmando la determinación de ARPE. Inconformes con el resultado, los apelantes presentaron un recurso de revisión ante el Tribunal de Circuito de Apelaciones. El 16 de febrero de 2000, dicho foro judicial dictó sentencia desestimando el recurso por carecer de jurisdicción, debido a que los apelantes no incluyeron en el Apéndice de su escrito una copia completa de la resolución recurrida. El 6 de marzo de 2000, éstos presentaron una solicitud de reconsideración, la cual fue declarada no ha lugar.

Así las cosas, el 14 de abril de 2000 los apelantes recurrieron ante este Tribunal --vía *certiorari*-- señalando que erró el Tribunal de Circuito de Apelaciones "al desestimar el recurso de revisión presentado por la parte apelante-peticionaria por no haber incluido un documento en el apéndice, a pesar de que el escrito sí fue incluido, sólo que por inadvertencia, se omitieron fotocopiar e incluir algunas de sus páginas".

Expedimos el recurso. Estando en condiciones de resolver, procedemos a así hacerlo.

I

El Tribunal de Circuito de Apelaciones conocerá "[m]ediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa". 4 L.P.R.A. sec. 22k(g). El escrito inicial de revisión deberá ser presentado <u>dentro de los términos jurisdiccionales</u> dispuestos por la Ley de Procedimiento Administrativo Uniforme. Regla 57 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A R. 57.

Al respecto, la Sección 4.2 de dicha legislación establece un término de 30 días, a partir del archivo en autos de la copia de la notificación de la orden o resolución final, para solicitar la revisión judicial. 3 L.P.R.A. sec. 2172.

En <u>Martínez Martínez</u> v. <u>Departamento del Trabajo y Recursos Humanos</u>, res. el 28 de mayo de 1998, 98 TSPR 61, pág. 970, interpretando esta disposición legal, señalamos que: "[D]e un análisis de sus términos [de la Sección 4.2], los mismos denotan la intención legislativa de plasmar indubitadamente el requisito de que los recursos de revisión <u>se perfeccionen y notifiquen</u> dentro del término de treinta (30) días, <u>siendo éste un requisito de carácter jurisdiccional</u>". (Énfasis nuestro.)

La Regla 59 del Tribunal de Circuito de Apelaciones, dispone que toda solicitud de revisión deberá contener un Apéndice, el cual incluirá, entre otros documentos, una <u>copia literal</u> de "[l]a orden, resolución o providencia administrativa cuya revisión se solicita". 4 L.P.R.A. Ap. XXII, R. 59(E)(1)(c). Debido a que el término para presentar un recurso de revisión es de carácter jurisdiccional, <u>el Apéndice deberá completarse y radicarse dentro de dicho término</u>. De lo contrario, el recurso <u>no</u> se habrá perfeccionado y el tribunal <u>carecerá de jurisdicción</u> para dilucidar los méritos del mismo. <u>Mfrs. H. Leasing</u> v. <u>Carib. Tubular Corp.</u>, 115 D.P.R. 428, 430 (1984). Véase también <u>Maldonado</u> v. <u>Pichardo</u>, 104 D.P.R. 778, 783 (1976).

En el caso ante nuestra consideración, los apelantes presentaron un recurso de revisión ante el Tribunal de Circuito de Apelaciones. No obstante, omitieron en el Apéndice del recurso varias páginas de la resolución, cuya revisión solicitaban ante dicho foro. <u>Específicamente, omitieron las</u>

**páginas 2, 4, 6, 8, 10 y 12 de dicha resolución**. En otras palabras, **omitieron la mitad de las páginas de que consta la resolución original; páginas sin las cuales la resolución recurrida resultaba ininteligible**.

Los apelantes sostienen que dicha omisión no priva al foro apelativo intermedio de su jurisdicción pues tenía ante sí la información necesaria para determinar si el recurso fue presentado dentro del término jurisdiccional. Además, aduce que dicho foro judicial debió atender el recurso pues, bajo nuestro sistema de derecho, rige el principio de que los casos sean resueltos en los méritos. **No** le asiste razón.

Al omitir las páginas antes señaladas, los apelantes **incumplieron con su obligación** de incluir en el Apéndice una **copia literal** de la resolución administrativa cuya revisión se solicita. Mas aún --y debido a que la resolución resultaba, sin las páginas omitidas, ininteligible-- el tribunal intermedio apelativo estaba impedido de considerar la corrección, o no, de los planteamientos de la parte peticionaria. Debido a ello, **forzoso resulta concluir que no se perfeccionó el recurso dentro del término jurisdiccional provisto por la ley**.[1] En consecuencia, y por tratarse de un **término jurisdiccional** y no uno de cumplimiento estricto, el foro apelativo intermedio carecía de discreción para excusar a los apelantes de dicho incumplimiento.[2]

---

[1] **Los requisitos reglamentarios establecidos sobre el Apéndice, son de igual naturaleza que los términos establecidos por la ley. Esto es, en el caso de un recurso de revisión, ambos son de naturaleza jurisdiccional. Por lo tanto, no podemos ofrecer un trato distinto a aquella parte que omite la mitad de las páginas de la resolución de la cual se recurre, de aquella otra que presenta su recurso un día siguiente a la fecha en que transcurrió el término jurisdiccional. Tal inconsistencia no se justifica ante unos requisitos de naturaleza jurisdiccional, pues aquella parte que incumple con el término podría tener razones de mayor peso para haber presentado su escrito fuera del término jurisdiccional.**

[2] Un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede ser extendido. Jorge E. Martínez, Inc. v. Abijoe Realty Corp., res. el 12 de mayo de 2000, 2000 TSPR 73. Por el contrario, los términos de cumplimiento estricto pueden ser prorrogados si se demuestra justa causa. Rojas Lugo v. Axtmayer Enterprises, Inc., res. el 21 de marzo de 2000, 2000 TSPR 46. Sobre este particular, en Arriaga Rivera v. Fondo del Seguro del Estado, res. el 18 de marzo de 1998, 98 JTS 28, pág. 688, expresamos:

Por los fundamentos que anteceden, procede dictar Sentencia confirmatoria de la emitida por el Tribunal de Circuito de Apelaciones, declarándose sin jurisdicción para atender el recurso de revisión presentado por los apelantes.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón emitió Opinión Disidente a la cual se unen el Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri.

                                        Isabel Llompart Zeno
                                    Secretaria del Tribunal Supremo

---

"Hemos señalado que existe una '*diferencia conceptual con efectos jurídicos distintos entre lo que es 'requisito de cumplimiento estricto' y 'requisito jurisdiccional''*. *Loperena Irizarry v. E.L.A.*, 106 D.P.R. 357 (1977). Hemos indicado que cuando se trata de un término de cumplimiento estricto, el foro judicial queda liberado del automatismo que conlleva el requisito jurisdiccional y puede '*proveer justicia según lo ameriten las circunstancias'*. *Id*, a la pág. 360. Más concretamente, hemos resuelto que cuando un término es de cumplimiento estricto, su observancia tardía '*es permisible de existir y demostrarse a cabalidad una justa causa'* para no cumplir rigurosamente con el término en cuestión. (Enfasis suplido). *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48 (1989)."

Wurster Enterprises, Inc.;
Ramón Orta Berríos;
Elba I. Rodríguez Santiago;
Fred Bishops Johnson;
Juan Lebrón Sánchez;
Trinidad de Jesús Morales y
Nereida Chico Reyes

     Apelantes

       v.                         CC-2000-353

Administración de Reglamentos y
Permisos-Oficina Regional de Guayama

     Apelada recurrida

Santos Rodríguez

     Concesionario del Permiso

Ramón Orta Berríos
Elba I. Rodríguez Santiago, et al

     Peticionarios


**Opinión Disidente emitida por la Juez Asociada señora Naveira de Rodón a la cual se une el Juez Presidente Señor Andréu García y el Juez Asociado señor Fuster Berlingeri.**


San Juan, Puerto Rico a 29 de junio de 2001


     Disentimos de la sentencia que hoy emite este Tribunal por entender que las rígidas interpretaciones que la mayoría hace de las normas procesales revierten nuestro sistema judicial a la desafortunada época del rigor procesal. Es como si regresáramos a la rigidez técnica que imperaba bajo el sistema de alegaciones del derecho común, "common law pleading". Ésta fue una época muy desgraciada para los sistemas judiciales en la cual el derecho procesal parecía haber adquirido vida propia en vez de servir como un instrumento para viabilizar la consecución del derecho sustantivo.

     Sin embargo, gracias a las severas críticas y esfuerzos de los eruditos en esta materia, los tiempos donde imperaba el tecnicismo procesal que se sobreponía a la solución de los casos en los méritos fueron superados, tanto por nuestro sistema judicial como por el sistema federal y la mayor parte de los sistemas estatales. Así pues, desde 1948, este Tribunal descartó esta normativa procesal expresando lo siguiente: **"ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos."** (Citas omitidas y énfasis suplido.) <u>Serra</u> v. <u>Autoridad de Trasporte</u>, 68 D.P.R. 626, 629 (1948). Véase, además, <u>Sierra</u> v. <u>Tribunal Superior</u>, 81 D.P.R. 554, 564 (1959), un caso sobre reclamaciones de salarios donde este Tribunal, con relación a las Reglas Procesales, expresó que la solución más justa en la resolución de un caso era

"reconocer y aplicar, con mano firme y diestra, la amplia discreción que las reglas procesales conceden a los tribunales de instancia...."

De otra parte y citado con aprobación en <u>Pérez Cruz</u> v. <u>Fernández</u>, 101 D.P.R. 365, 373 (1973), los conocidos comentaristas de las Reglas Federales de Procedimiento Civil, Wright and Miller, al referirse a la Regla 36, correspondiente a la 33 nuestra (Requerimiento de Admisiones) rompiendo con el tradicional esquema rígido de la interpretación de las reglas procesales y apoyados en la jurisprudencia federal y estatal expresaron que "en relación a esta regla, al igual que con las demás, no se permitirá que prevalezcan consideraciones técnicas en detrimento de la justicia sustancial, y por tanto la regla debe ser interpretada en forma liberal." Wright & Miller, Federal Practice and Procedure: Civil Sec. 2252, pág. 523-524.[3]

En cuanto al proceso de revisión de los recursos en alzada, el procedimiento está compuestos de dos etapas: la primera comprende la expedición o aceptación del recurso, según fuere el caso, y la segunda su solución en los méritos. Entendemos que para evaluar la procedencia de la primera etapa no tenemos que tener ante nosotros todos los documentos que son necesarios para resolver el recursos en los méritos. En cuanto a los recursos discrecionales, basta con tener ante nuestra consideración aquellos documentos que nos permiten determinar si deberíamos o no expedir el recurso a tenor con las disposiciones jurisdiccionales y las Reglas 40 y 66 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A y la Regla 30 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A según fuere el caso. De estar ante una apelación, debemos contar con aquellos documentos que nos permitan determinar si el recurso cumple con los requisitos para así considerarla. Una vez se expide el recurso o se le da curso a la apelación, el Tribunal de Primera Instancia o el Tribunal de Circuito de Apelaciones (en adelante, Tribunal de Circuito), según fuere el caso, elevará los autos y con éstos el foro apelativo procederá a resolver el recurso en los méritos.

La mayoría de este Tribunal, al determinar que la fecha jurisdiccional de presentación de un recurso impide que su apéndice pueda ser corregido con diligencia y prontitud, está efectivamente ignorando que el proceso apelativo comprende dos fases claramente distinguibles y está obstaculizando el que el foro judicial, en esta ocasión el Tribunal de Circuito, pueda cumplir con su función de resolver los casos en los méritos. Esto, a pesar de que, reiteradamente hemos expresado que somos partícipes de la política judicial de que los casos se ventilen en los méritos. <u>Echevarría Jiménez</u> v. <u>Sucn.Pérez Meri</u>, 123 D.P.R. 664, 673 (1989); <u>Garriga Gordils</u> v. <u>Maldonado Colón</u>, 109 D.P.R. 817, 822-823 (1980); <u>Arce</u> v. <u>Club Gallístico de San Juan</u>, 105 D.P.R. 305, 307-308 (1976); <u>Acevedo</u> v. <u>Compañía</u>

---

[3]   El texto en inglés dispone: "[W]ith this rule as with the others technical considerations will not be allowed to prevail to the detriment of substantial justice, and the rule is to be liberally construed."

<u>Telefónica de P.R.</u>, 102 D.P.R. 787, 791 (1974); <u>Ramírez de Arellano</u> v. <u>Srio de Hacienda</u>, 85 D.P.R. 823, 829 (1962).

Tal parece que este Tribunal se ha olvidado que la desestimación de un recurso presentado oportunamente no se justifica cuando los documentos omitidos en el apéndice pueden ser sustituidos o presentados con facilidad y prontitud, y en ocasiones no son necesarios para determinar si la procedencia de la primera etapa del proceso apelativo, o sea, si el recurso debe ser expedido o si se debe dar curso a una apelación, según fuere el caso.

Resulta, pues, difícil de entender que, amparándose en una aplicación inflexible e indiscriminada de las reglas procesales, este Tribunal anule la intención legislativa claramente plasmada en el Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22 <u>et seq</u>., de que toda decisión de los foros de instancia pueda ser revisada por un tribunal colegiado. Véase, <u>Soc. de Gananciales</u> v. <u>García Robles</u>, 142 D.P.R. 241, 252 (1997).

Consideramos que si un caso, en esta ocasión un recurso de revisión, fue presentado dentro del término jurisdiccional, no debería existir impedimento jurisdiccional alguno para que el apelante o peticionario no pueda corregir, con diligencia, cualquier error u omisión, en esta ocasión con respecto al apéndice, especialmente cuando la solución del recurso no se dilatará ni las partes se perjudicarán. Después de todo, ha sido nuestra interpretación restrictiva de las normas procesales lo que le ha dado carácter jurisdiccional a estas correcciones. Entendemos que si interpretamos de forma flexible el proceso apelativo, determinando que se cumple con el requisito jurisdiccional cuando se presenta el recurso dentro del término establecido por ley, y que cualesquiera corrección u omisión involuntaria que sea corregida o suplida con diligencia no afecta la jurisdicción del Tribunal, propiciaríamos el que la Rama Judicial cumpla cabalmente con su deber de resolver los casos en los méritos eliminando obstáculos técnicos innecesarios que nada aportan a la consecución de la justicia.

No nos cabe duda que un sistema judicial que resuelve los casos en los méritos valida su razón de ser de mantener un orden jurídico íntegro y eficaz y gana el respeto y la confianza del país en las instituciones judiciales. De otra parte, el que un tribunal rehuse entender en un caso por un tecnicismo procesal de fácil corrección, resulta difícil, sino imposible de explicar y justificar, especialmente al ciudadano que ha recurrido al foro judicial en busca de justicia. De esta forma se socava la confianza del Pueblo en las instituciones que son llamadas a resolver de forma pacífica las controversias y conflictos.


                                   Miriam Naveira de Rodón
                                       Juez Asociada