ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSÉ RIVERA QUIÑONES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400307 | *REVISIÓN Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: CDB-385-23<br><br>Sobre: Reconsideración |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

**Rivera Pérez, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a ___ de junio de 2024.

Comparece ante nos el Sr. José Rivera Quiñonez (en adelante, recurrente o Sr. Rivera Quiñones) y nos solicita la revisión de una *Respuesta al Miembro de la Población Correccional* de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de 16 de mayo de 2023, notificada el 19 de mayo de 2023.[1] Mediante dicho dictamen la División de Remedios Administrativo dispuso que "usted est[á] siendo atendido por los profesionales de salud mental, le sugiero que continué su tratamiento con ellos ya que los servicios de salud mental correccional, no se ofrece el uso de can[n]abis."[2]

Por los fundamentos que exponemos a continuación, se desestima el presente recurso por falta de jurisdicción.

### I.

El 1 de mayo de 2023, el Sr. Rivera Quiñones, quien se encuentra sumariado en Bayamón 1072, Modulo 4-B, presentó una

---

[1] Anejo 2a, del Apéndice.
[2] *Íd.*

*Solicitud de Remedio Administrativo,* Núm. CDB-385-23, ante la División de Remedios Administrativos.[3] En la misma solicitó lo siguiente:

> Por este medio notifico que soy paciente de can[n]abis medicinal desde el 2019 ya que padezco de an[s]iedad e [insomnio], desde que deje de recibir el tratamiento se me ha complicado el poder descasar[,] mi n[ú]mero de licencia es PA18-00053461 y mi Dr. Es Jos[é] J. Torrado Ojeda # Tel. 787-203-7858 y tiene mi expediente, por medio de lo antes expuesto que se me permita consumir el medicamento controlado por el [á]rea m[é]dicha y siguiendo las medidas de seguridad de la Institución si más por el momento.[4]

El 19 de mayo de 2023, la División de Remedios Administrativos emitió su *Respuesta al Miembro de la Población Correccional.*[5] Mediante el aludido dictamen el ente administrativo dispuso lo siguiente: "Sr. Rivera, usted est[á] siendo atendido por los profesionales de salud mental, le sugiero que continúe su tratamiento con ellos ya que[,] en los servicios de salud correccional, no se ofrece el uso de can[n]abis."[6]

Inconforme con dicha determinación, el 30 de mayo de 2023 el Sr. Rivera Quiñones presentó *Solicitud de Reconsideración.*[7] En su escrito arguye que en la libre comunidad había sido evaluado por un profesional de la salud que le recetó cannabis medicinal en vaporizador o aceite, medicamento que le funcionó; que si no lo tienen disponible lo puede costear y que se lo suministren en área asignada para tratamientos médicos. El 14 de junio de 2023, notificada al recurrente al día siguiente, la División de Remedios Administrativos denegó la solicitud de reconsideración.[8] Además, expresó lo siguiente:

> Al examinar la totalidad del expediente administrativo concluimos [que] confirmamos y

---

[3] Anejo 2, del Apéndice.
[4] *Íd.*
[5] Anejo 2a, del Apéndice.
[6] *Íd.*
[7] Anejo 3, del Apéndice.  Dicha solicitud fue recibida por el funcionario de la agencia el 12 de junio de 2023.
[8] Anejos 3 y 4b, del Apéndice.

modificamos la respuesta recibida por parte del Dr. Marcos Devarie, Director de Servicios Clínicos, Complejo Correccional de Bayamón.

Sr. Rivera, le orientamos que los procedimientos médicos se establecen según la reglamentación vigente en el Departamento de Corrección y Rehabilitación. Al presente, el uso de can[n]abis medicinal no es parte de los medicamentos suministrados dentro de las instalaciones carcelarias, por lo cual no se provee a ningún miembro de la población correccional. Usted se encuentra recibiendo el tratamiento médico determinado por los profesionales de salud mental que le atiende. De tener alguna duda puede solicitar "sick call".[9]

Así las cosas, el 13 de mayo de 2024, el Sr. Rivera Quiñones presentó una *Solicitud de Remedio Administrativo* en la cual expresó que había presentado una reconsideración del remedio Núm. CDB-385-23 pero que no sabía si había sido en el cambio de vivienda que se le había perdido la contestación y solicitó que se le enviara una copia para seguir con el proceso.[10] Según solicitado, el 23 de mayo de 2024, la División de Remedios Administrativos le remitió copia del dictamen del remedio administrativo CDB-385-23 que había sido previamente notificado el 19 de mayo de 2023.[11]

El 12 de junio de 2024, el Sr. Rivera Quiñones presentó ante nos escrito intitulado *Apelación a Remedio Adm[inistrativo] Departamento de Corrección.* En su escrito de revisión judicial solicitó la revisión del dictamen emitido por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de 16 de mayo de 2023, en el caso Núm. CDB-385-23, luego de que hubiese trascurrido el término para acudir ante esta *curia.* En síntesis, solicitó que se le ordenara al Departamento de Corrección y rehabilitación el habilitar un área en la cual se le pueda suministrar el medicamento de cannabis medicinal y que el mismo puede ser costeado por el recurrente en el dispensario de la predilección de la institución.

---

[9] *Íd.*
[10] Anejo 4a, del Apéndice.
[11] Anejo 1, del Apéndice.

Adelantamos que se desestima el recurso ante nuestra consideración, ante el dictamen arribado, sin trámite ulterior al amparo de lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[12]

**II.**

**A.**

La función rectora de la revisión judicial "es asegurarse de que las agencias actúan dentro del marco del poder delegado y consistentes con la política legislativa". *Pagán Santiago et al. v. ASR*, 185 DPR 341, 258 (2012). En ese sentido, el Tribunal de Apelaciones posee competencia para atender, mediante recurso de revisión judicial, la revisión de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Artículo 4.006 inciso (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 201-2003, según enmendada, 4 LPRA sec. 24y. De igual manera dispone la Regla 56 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. Ap. XXII-B, R. 56.

Por su parte, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece que el escrito inicial de revisión judicial de una Resolución final de la agencia deberá ser presentado dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden final de la agencia. De igual modo, la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9672, establece el término jurisdiccional de treinta (30) días para solicitar revisión judicial de

---

[12] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

la decisión final de una agencia administrativa. *Orta Berríos et al v. A.R.P.E.*, 154 DPR 619, 621 (2001).

**B.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia o remedio sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (…)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

En el caso de autos, surge que el Sr. Rivera Quiñones acude ante nos de la *Respuesta al Miembro de la Población Correccional* dictaminada el 19 de mayo de 2023, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación en la *Solicitud de Remedio* Núm. CDB-385-23. Mediante el referido dictamen el ente administrativo dispuso que estaba siendo atendido por los profesionales de salud mental, y le sugirieron que continuara su tratamiento en los servicios de salud correccional e indicaron que no se ofrecía tratamiento con cannabis. La parte aquí recurrente al estar inconforme con dicho dictamen presentó en tiempo una solicitud de reconsideración, la cual fue denegada el 14 de junio de 2023 por la División de Remedios Administrativos.

Aún inconforme y luego de que hubiera transcurrido más de un año, el Sr. Rivera Quiñones presentó el 13 de mayo de 2024, una *Solicitud de Remedio Administrativo* en la cual expresó que había

presentado una reconsideración del remedio Núm. CDB-385-23 pero que no sabía, si había sido en el cambio de vivienda, que se le había perdido la contestación y solicitó que se le reenviara una copia para seguir con el proceso. Esto no tuvo el efecto de extender el término de treinta (30) días jurisdiccional, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden final de la agencia, que tenía la parte recurrente para presentar su recurso de revisión judicial ante nos conforme a lo dispuesto en la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, y la Sección 4.2 de la Ley Núm. 38-2017, *supra*. Véase: *Orta Berríos et al v. A.R.P.E.*, *supra*.

Por tanto, al haberse presentado el recurso ante nos de revisión judicial un año más tarde es forzoso concluir que carecemos de jurisdicción para entender en el asunto y procede en derecho su desestimación al amparo de lo dispuesto en la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción al ser tardío.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones