Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ROBERTO SOSTRE ROSADO<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400567 | *Revisión* administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 212–24–0015<br><br>Sobre: Querella Disciplinaria |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de octubre de 2024.

En esta ocasión debemos **desestimar** el presente recurso de revisión por tardío. Veamos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes del caso.

El **1 de mayo de 2024**,[1] el *Departamento de Corrección y Rehabilitación* ("DCR") radicó el *Informe Disciplinario* ("Querella") contra el *Sr. Roberto Sostre Rosado* ("señor Sostre Rosado" o "recurrente"). En síntesis, el DCR le imputó al recurrente la comisión de los siguientes actos prohibidos; *"[R]egla #15 código #139 Estar bajo los efectos del alcohol o cualquier tipo de bebida embriagante, sustancia controladas o medicamentos. #216 Estar ausente en recuento o interferir el recuento".*[2]

---

[1] Notificada el 6 de mayo de 2024.
[2] *Véase*; Recurso del Recurrente, pág. 1.

Número Identificador
SEN2024_____

Celebrada la Vista Administrativa el **12 de junio de 2024**,[3] el Oficial Examinador emitió *"Resolución (Querella Disciplinaria)"*.[4] En esta, determinó que el señor Sostre Rosado cometió los actos prohibidos contenidos en la Regla #139, sin embargo, no encontró causa por la Regla #216. Por lo que encontró incurso al recurrente, y le impuso una sanción por 40 días calendarios.

El **20 de junio de 2024**, el señor Sostre Rosado sometió una *"SOLICITUD DE RECONSIDERACIÓN DE DECISIÓN DE INFORME DISCIPLINARIO PARA CONFINADO"*.[5] Sin embargo, la misma fue rechazada de plano el **10 de julio de 2024**.[6]

Tres meses después, el **11 de octubre de 2024** el señor Sostre Rosado presentó —por derecho propio y de forma *pauperis*— el recurso de revisión judicial de epígrafe. Mediante el recurso legal epígrafe, señaló que el DCR le imputó injustamente la Querella Núm. 212–24–0015.

**-II-**

La Regla 57 del Reglamento del Tribunal de Apelaciones establece que el escrito inicial de revisión judicial de una resolución final del foro administrativo, deberá ser presentado dentro del **término jurisdiccional** de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden final de la agencia.[7]

De igual modo, la Ley de Procedimiento Administrativo Uniforme establece el **término jurisdiccional** de treinta (30) días para solicitar revisión judicial de la decisión final de una agencia administrativa.[8]

---

[3] *Véase*; Recurso del Recurrente, págs. 3 – 5.
[4] La *Resolución* fue notificada al recurrente el **17 de junio de 2024**.; *Véase*; Recurso del Recurrente, pág. 5.
[5] *Véase*; Recurso del Recurrente, pág. 9.
[6] *Véase*; Recurso del Recurrente, pág. 2. El recurrente firmó el recibo de la determinación el mismo día, 10 de julio de 2024.
[7] 4 LPRA Ap. XXII-B, R. 57.
[8] Véase, Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9672; *Orta Berríos et al v. A.R.P.E.* 154 DPR 619, 621 (2001).

Es norma reiterada en nuestro ordenamiento, que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[9]

Así, que un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[10] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[11]

En consecuencia, la Regla 83(C) de nuestro Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a iniciativa propia, cuando carezca de jurisdicción para atenderlo.[12]

**-III-**

Este tribunal carece de jurisdicción para atender el presente recurso de revisión por tardío. Veamos.

Surge del expediente que el DCR celebró la vista disciplinaria administrativa el **12 de junio de 2024** en contra del señor Sostre Rosado y emitió la correspondiente determinación a la Querella Núm. 212–24–0015.

Inconforme con la determinación, el señor Sostre Rosado solicitó una reconsideración el **20 de junio de 2024**, sin embargo, la misma fue rechazada de plano el **10 de julio de 2024**.

Pese a que fue advertido sobre los mecanismos de revisión y los términos correspondientes, el recurrente no cumplió con estos al presentar su recurso tardíamente el **11 de octubre de 2024**.

Por lo cual, resulta forzoso concluir que estamos privados de jurisdicción para atender el recurso ante su **presentación tardía**.

---

[9] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[10] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.
[11] *Ibid.*
[12] 4 LPRA Ap. XXII-B, R. 83(C).

En consecuencia, procede la desestimación del presente recurso legal.

**-IV-**

Por los fundamentos antes expuestos, ***desestimamos*** el presente recurso de revisión.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones